UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW PHILMAN

    Plaintiff,

v.                                   Case No.: 6:20-cv-1307

DESIGNERS CHOICE CABINETRY, LLC
a Delaware Limited Liability Company,
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **MATTHEW PHILMAN** ("Plaintiff"), by and through his undersigned counsel, brings this action against Defendant, **DESIGNERS CHOICE CABINETRY, LLC** ("Defendant"), and alleges as follows:

### *Introduction*

1.    This is an action by the Plaintiff against his former employer for overtime compensation, retaliation, liquidated damages and other relief under the Fair Labor Standards Act (the "FLSA"), 29 U.S. C. § 201 et seq.

### *Parties, Jurisdiction, and Venue*

2.    Plaintiff, MATTHEW PHILMAN, was a resident of Brevard County, Florida at all times material hereto, and he is *sui juris*.

3.    The acts committed occurred in Brevard County, Florida.

4.    Plaintiff was a non-exempt, employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

5. Plaintiff was a non-exempt employee of Defendant who worked in excess of 40 hours each workweek but was not paid overtime for each hour worked in excess of 40 during a workweek.

6. Defendant, DESIGNERS CHOICE CABINETRY LLC, is a Delaware Limited Liability Company, conducting business in Brevard County, Florida, and it is *sui juris*.

7. At all times relevant, DESIGNERS CHOICE CABINETRY LLC operated as a cabinet manufacturer having its principle place of business located at 100 TGK Circle, Rockledge, FL 32955.

8. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, as such a three-year statute of limitation applies, pursuant to 29 U.S.C. §§201 et seq.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the authority to grant declaratory relief under the FLSA pursuant to 29 U.S.C. § 201 et seq.

## *General Allegations*

10. Plaintiff worked for Defendant for nearly twenty (20) years.

11. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in Defendant's exclusive custody.

12. Defendant was Plaintiff's employer for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. § 203(d).

13. At all times relevant, Defendant, DESIGNERS CHOICE CABINETRY LLC, was and is an "enterprise" engaged in commerce as defined by 29 U.S.C. § 203 because it has employees engage in interstate commerce and the manufacturer of goods that are shipped to other states travelling in interstate commerce and its annual gross volume of sales made or business done is not less than $500,000.00.

14. Defendant manufacturers cabinets for customers across the United States of America.

15. Defendant's employee handbook explains that they "build cabinets for customers that range from Florida, New York, Tennessee and across the Mississippi."

16. During the relevant time-period Plaintiff worked as a non-exempt employee of Defendant, as the term "employee" is defined by 29 U.S.C. § 203(e).

17. During the relevant time-period, Plaintiff did not customarily or regularly direct the work of two or more other full-time employees.

18. During the relevant time-period, Plaintiff worked as a "blue-collar" safety compliance officer who spent a majority of his time "on the floor" doing manual labor involving repetitive operations with his hands, physical skill and energy.

19. During the relevant time-period, Plaintiff worked as a salaried employee and was not an administrative, professional, or managerial employee (as defined by the U.S. Department of Labor).

20. At all times relevant, Plaintiff regularly worked ten (10) hour days, Monday through Friday.

21. At all times relevant, in addition to the fifty (50) hour workweeks between Monday and Friday, Plaintiff often worked on Saturdays.

22. In June 2020, Plaintiff made a complaint to Defendant's Human Resources (HR) department, claiming that he was owed overtime for those hours worked more than 40 during a workweek.

23. While working with HR regarding his overtime complaint, Plaintiff provided Defendant with an estimate as to the amount of overtime which he then believed to be due to him.

24. While Plaintiff's overtime complaint was pending and remained unresolved, Plaintiff's was fired by Defendant on or about July 16, 2020.

25. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

26. Defendant's employee handbook describes non-exempt employees as:

> Most hourly employees are non-exempt employees. Salaried employees who are not administrative, professional, or managerial employees (as defined by the U.S. Department of Labor) are generally not exempt from the FLSA overtime provisions.

27. Defendant's overtime policy in effect during the relevant time period provides:

> Because of the nature of our business, your job may periodically require overtime work. If the Company requires that you work overtime, we will give you as much advance notice as possible. Employees who work more than 40 hours in one week are entitled to one and one-half times their base rate of pay for each hour of overtime worked.

28. During his employment with Defendant, Plaintiff regularly worked in excess of forty (40) hours per workweek without receiving overtime compensation for all hours worked in excess of forty (40).

29. Despite the hours worked by Plaintiff, Defendant willfully, in bad faith and in knowing violation of the Federal Fair Labor Standards Act and its own overtime policy, failed and refused to pay him overtime compensation.

30. Under the FLSA Defendant is required to keep accurate records of the Plaintiffs hours worked and wages earned.

31. Defendant has failed to make, keep, and preserve records with respect to Plaintiff, sufficient to determine his wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

32. All conditions precedent have been satisfied by Plaintiff or waived by Defendant.

33. Plaintiff retained the undersigned counsel and has agreed to pay a reasonable fee for all services rendered.

34. Defendant's unlawful conduct has been widespread, repeated and consistent.

**COUNT I – RECOVERY OF OVERTIME COMPENSATION UNDER FLSA**

35. Plaintiff re-alleges and incorporates paragraphs 1 through 34 of this Complaint, as if set forth in full herein.

36. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA's overtime provisions.

37. Defendant willfully and intentionally refused to pay Plaintiff overtime pay for all of those hours worked in excess of forty (40) in a workweek.

38. At all times relevant, Plaintiff regularly worked in excess of forty (40) hours in each workweek.

39. Plaintiff typically and regularly worked no less than fifty (50) hours per week.

40. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per week.

41. Defendant did not compensate Plaintiff s for overtime hours worked.

42. Defendant either knew from prior experience or recklessly failed to investigate whether its failure to compensate Plaintiff for all hours worked violated the Federal Wage Laws of the United States.

43. Defendant did not have a good faith basis for their decision not to pay Plaintiff his full overtime compensation.

44. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

45. Plaintiff is entitled to a back-pay award at his overtime rate for all overtime hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

46. Because Defendant violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §201 *et seq.*

**WHEREFORE** Plaintiff demands the entry of a judgment in his favor and against Defendant, DESIGNERS CHOICE CABINETRY LLC, after trial by jury and as follows:

   a. That the Court declares that the FLSA requires Defendant to compensate Plaintiff from the overtime hours worked, which remains unpaid;

   b. Unpaid overtime wages found to be due and owing;

   c. An additional and equal amount of liquidated damages;

   d. An award of reasonable attorney's fees and all costs incurred herein; and

   e. All other damages to which Plaintiffs may be entitled

## COUNT II- FLSA RETALIATION

47. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 34.

48. On or around June 8, 2019 Plaintiff complained to Defendant through Vice President of Human Resources, Wendy Dawson, (Ms. Dawson) about prior and ongoing unpaid overtime.

49. On June 23, 2020, Plaintiff emailed Ms. Dawson about his overtime complaint. Due to the length of his tenure, and the long history of unpaid overtime, Plaintiff indicated that he

wished to have his overtime issue resolved by the end of July 2020 to avoid issues with the statute of limitations. Plaintiff provided his estimate of what he then believed was due to him for Defendant's "willful violation of labor laws (that still exist to this day)."

50. Ms. Dawson did not respond to Plaintiff's June 23, 2020 email.

51. On July 16, 2020 at 2:58 PM, Plaintiff sent a follow up email to Ms. Dawson regarding his overtime complaint. In that email Plaintiff asked, "Has there been any movement on the overtime claim I submitted on Jun 23, 2020?"

52. Ms. Dawson did not respond to the July 16, 2020 email.

53. Following the transmission of Plaintiff's email to Ms. Dawson on July 16, 2020, Plaintiff was terminated.

54. By seeking enforcement and correction of Defendant's wage and hour practices, Plaintiff was engaged in protected activity.

55. After Plaintiff engaged in protected activity in between June 8, 2020 and July 16, 2020, Defendant terminated Plaintiff's employment on July 16, 2020.

56. The motivating reason for terminating Plaintiff's employment was because he asserted his FLSA rights and engaged in protected activity.

57. Pursuant to 29 U.S.C. §215(a)(3) it is unlawful for any person to "discharge . . . any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding".

58. Defendant's conduct is considered an adverse employment action pursuant to the FLSA.

59. Plaintiff has suffered an adverse employment action, his termination from employment, as a direct result of seeking proper payment under the FLSA.

60. As a result of Defendant's intentional, willful, and unlawful acts, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for judgment against Defendant DESIGNERS CHOICE CABINETRY LLC, for all damages to which he may be entitled, including, but not limited to:

a. Lost wages.
b. Compensatory damages;
c. Liquidated damages.
d. An award of prejudgment interest (to the extent liquidated damages are not awarded);
e. All available actual damages, compensatory damages, and punitive damages to which Plaintiff may be entitled
f. An award of reasonable attorney's fees and all costs incurred herein;
g. Such further relief as the Court deems equitable and just

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

Respectfully submitted on this 23rd day of July 2020.

**ARCADIER, BIGGIE & WOOD, PLLC.**

*/s/ Joseph C. Wood, Esquire*
Joseph C. Wood, Esquire
Florida Bar No.: 0093839
Maurice Arcadier, Esquire
Florida Bar No. 0131180
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Primary Email: Office@ABWlegal.com
Secondary Email: Wood@ ABWlegal.com
Phone: (321) 953-5998
Fax: (321) 953-6075